UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14178-CIV-CANNON/Maynard

**CRYSTAL MARIE POLINICE**,

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.
_____/

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the parties' Cross Motions for Summary Judgment [ECF Nos. 18, 21]. Those motions were referred to Magistrate Judge Shaniek M. Maynard for a report and recommendation [ECF No. 2; *see also* ECF No. 15]. On September 9, 2022, Judge Maynard issued such a report, recommending that (1) Plaintiff's Motion for Summary Judgment [ECF No. 18] be denied, (2) Defendant's Motion for Summary Judgment [ECF No. 21] be granted, (3) Defendant's final administrative decision be affirmed, and (4) final judgment be entered in Defendant's favor (the "Report") [ECF No. 23]. The Court has reviewed the Report [ECF No. 23], Plaintiff's Objections [ECF No. 25], Defendant's Response to Plaintiff's Objections [ECF No. 26], and the full record.[1] For the reasons set forth below, the Report [ECF No. 23] is **ACCEPTED**.

---

[1] Defendant filed a notice indicating that it does not object to the Report [ECF No. 24].

CASE NO. 21-14178-CIV-CANNON/Maynard

**RELEVANT BACKGROUND**

On December 22, 2018, Plaintiff Crystal Marie Polinice applied for disability insurance benefits and Supplemental Security Income benefits, alleging a period of disability with an onset date of January 1, 2012 [ECF No. 13 p. 27; ECF No. 23 p. 1]. Plaintiff's claims were initially denied in August 2019 and were again denied upon reconsideration in November 2019 [ECF No. 13 p. 27; ECF No. 23 p. 2]. Plaintiff subsequently requested a hearing on her claims [ECF No. 13 p. 27]. Accordingly, an administrative law judge (the "ALJ") held a telephonic hearing on August 26, 2020, at which Plaintiff was represented by counsel [ECF No. 13 p. 27].

Following that hearing, and upon a full review of the record, the ALJ issued a comprehensive decision finding that Plaintiff was not "disabled" as defined by the Social Security Act [ECF No. 13 pp. 27–42]. In doing so, the ALJ determined that Plaintiff did not have any mental impairments that result in at least "one extreme limitation or two marked limitations in a broad area of function" [ECF No. 13 p. 32]. Specifically, the ALJ found that Plaintiff had only a "moderate limitation" with respect to interacting with others [ECF No. 13 p. 32]. In reaching the ultimate conclusion, the ALJ also determined that Plaintiff had the residual functional capacity to perform "light" work with some limitations [ECF No. 13 pp. 35–42]. The ALJ's decision was based on, among other things, Plaintiff's employment activities from 2017 through 2020 [*see* ECF No. 13 pp. 30–31], numerous medical examinations [*see* ECF No. 13 pp. 31–40], and Plaintiff's testimony at the hearing [*see* ECF No. 13 pp. 34, 40].

After the ALJ released her decision on September 9, 2020 [ECF No. 13 p. 42], Plaintiff timely filed a request for review with the Appeals Council [*see* ECF No. 1-1]. The Appeals Council denied that request, finding no "basis for changing [the ALJ's] decision" [ECF No. 1-1 p. 2].

CASE NO. 21-14178-CIV-CANNON/Maynard

Plaintiff initiated the instant action on April 22, 2021, seeking court review of the administrative decision pursuant to 42 U.S.C. § 405(g) [ECF No. 1; ECF No. 23 p. 2]. Plaintiff moved for summary judgment in December 2021 [ECF No. 18], and Defendant moved for the same in February 2022 [ECF No. 21].[2] Shortly thereafter, Plaintiff submitted a brief opposing Defendant's motion for summary judgment and further supporting her own [ECF No. 22].

On August 31, 2022, Judge Maynard entered the Report, outlining the applicable law, summarizing the underlying record, and determining that the ALJ's decision was legally sound and supported by substantial evidence [ECF No. 23]. Plaintiff filed her Objections on September 16, 2022 [ECF No. 25]. Defendant filed a Response to Plaintiff's Objections on September 26, 2022 [ECF No. 26]. The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence

---

[2] Defendant's Motion for Summary Judgment contains Defendant's Response in Opposition to Plaintiff's Motion [*see* ECF No. 21].

of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

When reviewing administrative decisions by Defendant, courts "must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## DISCUSSION

Plaintiff raises the following two arguments in her objections: (1) the ALJ's determination that Plaintiff had only a "moderate limitation" in interacting with others is not supported by substantial evidence; and (2) the ALJ erred in failing to develop the record in connection with Plaintiff's neck and back impairments [ECF No. 25]. Neither argument succeeds. The Court finds that the ALJ's conclusions are supported by substantial evidence and that the Report is well-reasoned and correct.

### I. Interacting with Others

Plaintiff first argues that the ALJ's determination that Plaintiff had only a "moderate limitation" in interacting with others is not supported by substantial evidence [ECF No. 25 pp. 1–3]. Plaintiff suggests that the ALJ did not provide a sufficient explanation of her reasoning on this point, and accuses the Report of "scour[ing] the record for additional support" [ECF No. 25 p. 2]. This argument is not persuasive. The ALJ's decision makes clear that it is based on a "careful consideration of the entire record" and goes on to identify specific portions of the record in support of the determination that Plaintiff had only a "moderate limitation" in this area [ECF No. 13 pp. 30, 32]. The ALJ pointed to, among other things, a 2012 consultative

examination, an October 2019 biopsychosocial assessment, and other medical records from November 2019 through April 2020 [ECF No. 13 p. 32; ECF No. 23 pp. 10–14]. Those records indicate that, although Plaintiff has presented some mental health concerns, she generally is capable of establishing rapport with others, maintaining some friendships, and regulating her behavior [ECF No. 23 pp. 10–14]. The Report, in addressing Plaintiff's Objections, elaborates on why those portions of the record (along with others) support the ALJ's determination [ECF No. 23 pp. 9–15]. The Court finds no error in the ALJ's decision or in the Report, and agrees that substantial evidence supports the conclusion that Plaintiff has only a moderate limitation interacting with others.

## II.     Neck and Back Impairments

Plaintiff's second argument is that the ALJ erred in making a determination as to Plaintiff's neck and back impairments without ordering a consultative examination in connection with Plaintiff's car accident on October 10, 2019 [ECF No. 25 pp. 3–4]. But it was not necessary for the ALJ to order such an examination. As the ALJ's decision makes clear, and as the Report highlights, substantial evidence supports the ALJ's determination that Plaintiff's injuries from the car accident were "not debilitating" and that Plaintiff could perform light work [ECF No. 23 pp. 17–20]. Medical reports establish that Plaintiff was released from the hospital on the same day as the accident after "largely normal objective examination findings," and that she continued to possess a "normal range of motion" and the ability to independently perform activities of daily living [ECF No. 23 pp. 18–19; *see* ECF No. 13 p. 37]. The ALJ did not err by relying on this substantial evidence in the record to determine that Plaintiff could perform light work.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

CASE NO. 21-14178-CIV-CANNON/Maynard

1. The Report and Recommendation [ECF No. 23] is **ACCEPTED**.

    a. Plaintiff's Motion for Summary Judgment [ECF No. 18] is **DENIED**.

    b. Defendant's Motion for Summary Judgment [ECF No. 21] is **GRANTED**.

2. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 58.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 26th day of September 2022.

*[signature]*
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record